UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

EMIL IACONA,                                           :

                   Plaintiff,                      :

        - against -                              :          CV-12-2330 (BMC) (JO)

JP MORGAN CHASE BANK, N.A., AKA              :
J.P. MORGAN CHASE, HEALTH BENEFITS,
                                  :

                 Defendant.                      :

--------------------------------------------------------------X


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**


**JPMORGAN CHASE LEGAL AND
COMPLIANCE DEPARTMENT**
Frederic L. Lieberman, Esq.
Gary P. Brady, Esq.
Attorneys for Defendant
JPMorgan Chase Bank, N.A.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-1815
frederic.l.lieberman@jpmchase.com

# *TABLE OF CONTENTS*

*Page*

Table of Contents .......................................................................................... i

Table of Cases .............................................................................................. iii

Preliminary Statement ................................................................................. 1

Statement of Facts ....................................................................................... 2

    A.    Mr. Iacona, A Former Bowery Employee, Had No Relationship
           With JPMC ...................................................................................... 2

    B.    Bowery's Retiree Benefits Plan ..................................................... 3

This Action .................................................................................................. 6

Argument ..................................................................................................... 7

I       THE COURT'S STANDARD OF REVIEW ....................................... 7

    A.    Motion To Dismiss For Failure To State A Claim ....................... 7

    B.    Motion For Summary Judgment .................................................... 8

    C.    Defendant's Exhibits Are Properly Before The Court, Either
           On The Motion To Dismiss, Or On The Motion For Summary
           Judgment ......................................................................................... 9

II     THE BOWERY ELIMINATED THE BENEFIT CLAIMED BY PLAINTIFF,
       EFFECTIVE JANUARY 1, 1983, AN EXERCISE OF ITS RIGHT TO
       CHANGE THE RETIREE BENEFITS PLAN'S PROVISIONS, AND
       THE BOWERY PLAN CEASED TO EXIST IN ITS ENTIRETY MANY
       YEARS AGO ........................................................................................ 10

III    THIS ACTION IS BARRED BY THE STATUTE OF LIMITATIONS AS
       PLAINTIFF IS COMPLAINING ABOUT A CHANGE BOWERY MADE
       TO ITS RETIREE BENEFITS PLAN ALMOST 30 YEARS AGO ........ 13

IV    JPMORGAN CHASE IS THE WRONG DEFENDANT IN THIS ACTION;
       THE CORRECT DEFENDANT FOR AN ERISA CLAIM IS THE PLAN
       ITSELF, NOT THE PLAN SPONSOR ................................................... 14

*Page*

V      PLAINTIFF'S CLAIM ACTUALLY IS ONE FOR WELFARE PLAN
       BENEFITS PURSUANT TO ERISA, WHICH PREEMPTS CLAIMS
       PURPORTEDLY BASED ON STATE LAW, INCLUDING CONTRACT
       LAW                                                                          15

Conclusion                                                                          18

## TABLE OF AUTHORITIES

*Cases*                                                                    *Page*

Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)                           15, 16, 17

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)                       8, 9

Arditi v. Lighthouse International, 10 Civ. 8416 (DLC), 2011 Westlaw
    166919 (S.D.N.Y. Jan. 18, 2011)                     11

Arditi v. Lighthouse International, 676 F.3d 294 (2nd Cir. 2012)            11, 17

Arnold Chevrolet LLC v. Tribune Co., 418 F. Supp.2d 172 (E.D.N.Y. 2006)    8

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)                        7

Berg v. Empire Blue Cross and Blue Shield, 105 F. Supp.2d 121 (E.D.N.Y.
    2000)                                               8, 11

Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan, 572 F.3d
    76 (2nd Cir. 2009)                                   13

Carey v. Int'l Broth. Of Electrical Workers Local 363 Pension Plan, 201 F.3d
    44 (2nd Cir. 1999)                                   14

Celotex Corp. v. Catrett, 477 U.S. 317 (1986)                             8

Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29 (2nd Cir. 1994)              8

Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506 (2nd
    Cir. 2002)                                           14

Cicio v. Vytra Healthcare, 208 F. Supp.2d 288 (E.D.N.Y. 2001), aff'd in part,
    vacated in part on other grounds, 321 F.3d 83 (2nd Cir. 2003), cert.
    granted, judgment vacated, 542 U.S. 933 (2004)       16, 17

Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97 (2nd Cir. 1981)   9

Cooper v. Parsky, 140 F.3d 433 (2nd Cir. 2000)                            7

Coriale v. Xerox Corp., 775 F. Supp.2d 583 (W.D.N.Y. 2011)                11, 14, 15

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42 (2nd Cir. 1991), cert.
    denied, 503 U.S. 960 (1992)
                                                         8

*Page*

Crocco v. Xerox Corp., 137 F.3d 105 (2nd Cir. 1998)    14

Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73 (1995)    11

Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270 (2nd Cir. 1992)    17

Festa v. Local 3 Int'l Bd. of Elec. Workers, 905 F.2d 35 (2nd Cir. 1990)    7

Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219 (2nd Cir. 1994)    9

Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14 (2nd Cir. 1995)    9

Guilbert v. Gardner, 480 F.3d 140 (2nd Cir. 2007)    14

Harrison v. Metropolitan Life Ins. Co., 417 F. Supp.2d 424 (S.D.N.Y. 2006)    16, 17

International Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69 (2nd Cir. 1995)    8

Kelly v. Deutsche Bank Securities Corp., 09-CV-5378 (JS), 2010 WL 2292388 (E.D.N.Y. June 3, 2010)    17

Knight v. U.S. Fire Ins. Co., 804 F.2d 9 (2nd Cir. 1986)    9

Leonelli v. Pennwalt Corp., 887 F.2d 1195 (2nd Cir. 1989)    15

Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A., 244 F.R.D. 204 (S.D.N.Y. 2007)    7

Meiri v. Dacon, 759 F.2d 989 (2nd Cir. 1985)    9

Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987)    17

Miles v. New York State Teamsters Conference Pension and Retirement Fund, 698 F.2d 593 (2nd Cir.), cert. denied, 464 U.S. 829 (1983)    13

Moore v. Fox Chevrolet, Oldsmobile, Cadillac, Inc., No. 5:06–CV–42, 2007 WL 925721 (N.D.N.Y. Mar. 26, 2007)    14

Morris v. Alex Group USA, Inc., 04 Civ. 8239 (PAC), 2007 U.S. Dist. LEXIS 47674 (S.D.N.Y. June 28, 2007)    9

Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101 (2nd Cir. 2008)    14, 17

*Page*

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987)                                17

Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d
    774 (2nd Cir. 1984)                                                        7

Schonholz v. Long Island Jewish Medical Center, 87 F.3d 72 (2nd Cir.),
    cert. denied, 519 U.S. 1008 (1996)                                       11

Shade v. Hous. Auth. of the City of New Haven, 251 F.3d 307 (2nd Cir. 2001)        8

Smith v. Stockwell Construction Co., 10-CV-608S (WMS), 2011 Westlaw
    6208697, 52 EBC 2597 (W.D.N.Y. Dec. 14, 2011)                           15

Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)                                  7

Venturino v. First Unum Life Ins. Co., 724 F. Supp.2d 429 (S.D.N.Y. 2010)         17

Woroski v. Nashua Corp., 31 F.3d 105 (2nd Cir. 1994)                              9

Yoon v. Fordham University Faculty and Administrative Retirement Plan, 99
    Civ. 11042 (RCC), 2004 WL 3019500 (S.D.N.Y. December 29, 2004),
    aff'd, 173 Fed Appx. 936 (2nd Cir. 2006)                                15

*Statutes*

29 U.S.C. § 1132 (a)(1)(B)                                                        15

29 U.S.C. § 1144(a)                                                               16

*Rules*

Fed. R. Civ. P. 56(c)                                                            8

*Miscellaneous*

"A Guide to Small Claims in the NYS City, Town and Village Courts,"
Revised August, 2005, available at
  http://www.nycourts.gov/courthelp/Booklets/SmallClaimsHandbook.pdf          14

"Overview of Employee Benefits Consideration in Mergers And
Acquisitions," Venable LLP, available at
http://www.venable.com/files/Publication/f73af1c9-e553-4091-9fc9-
fcfecb5bc592/Presentation/PublicationAttachment/6fb40bce-00e2-42f4-83d6-
9580ddfd398a/1892.pdf                                                            12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

EMIL IACONA,                                     :

                          Plaintiff,             :

          - against -                            :          CV-12-2330 (BMC) (JO)

JP MORGAN CHASE BANK, N.A., AKA                  :
J.P. MORGAN CHASE, HEALTH BENEFITS,
                                                 :
                          Defendant.
                                                 :
------------------------------------------------------------------X

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

#### PRELIMINARY STATEMENT

Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMC"), incorrectly named herein as JP Morgan Chase Bank, N.A. AKA J.P. Morgan Chase, Health Benefits, submits this Memorandum of Law in support of its motion to dismiss this action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, for summary judgment dismissing Plaintiff's claim as a matter of law. In this action, Plaintiff Emil Iacona ("Plaintiff" or "Mr. Iacona"), filed a Small Claims complaint that asserted a claim described only as "to recover monies arising out of a breach of contract and breach of agreement."

JPMC seeks dismissal for a number of reasons. First, Plaintiff's claim, which is actually for welfare plan benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., seeks a benefit that the plan sponsor eliminated, effective January 1, 1983, in an exercise of the plan sponsor's right to change the benefits plan's

provisions. In addition, the plan ceased to exist in its entirety many years ago, and JPMC never was the sponsor of that plan. Thus, this action also should be barred by the statute of limitations as Plaintiff is complaining about a change made to a welfare benefits plan almost 30 years ago. Moreover, even if JPMC was the sponsor of the plan at issue, it is the wrong defendant; the correct defendant for an ERISA claim is the plan itself, not the plan sponsor. In addition, ERISA pre-empts Plaintiff's claims purportedly based on state law, including contract law.

<h2 align="center">STATEMENT OF FACTS</h2>

**A.      MR. IACONA, A FORMER BOWERY EMPLOYEE, HAD NO RELATIONSHIP WITH JPMC**

Mr. Iacona is a former employee of The Bowery Savings Bank ("Bowery"). Declaration of Gary P. Brady, executed June 6, 2012 ("Brady Dec."), ¶ 5. Mr. Iacona retired from his employment with Bowery as of February 28, 1982. Id. H.F. Ahmanson & Company ("Ahmanson") acquired Bowery in 1988 and subsequently changed Bowery's name to Home Savings of America. Id. ¶ 9. On October 1, 1998, Washington Mutual, Inc. ("WMI") acquired Ahmanson. Id. JPMC had no connection to the acquisition of Bowery by Ahmanson, or the acquisition of Ahmanson by WMI. Id.

On September 25, 2008, after Washington Mutual Bank ("WMB") was seized by the United States Office of Thrift Supervision, JPMC acquired certain assets and liabilities of the failed WMB from the FDIC, as receiver of WMB. Brady Dec. ¶ 17. WMI, the holding company that previously had owned WMB, then filed for bankruptcy protection on September 26, 2008. Id. Less than three months ago, by order of the United States Bankruptcy Court, effective as of March 19, 2012, JPMC, became for the first time the sponsor of certain of the WMI welfare benefits plans, including the Flexible Benefits Plan, pursuant to a settlement of various disputes between JPMC and WMI related to WMI's bankruptcy. Id.

**B.**    **BOWERY'S RETIREE BENEFITS PLAN**

At the time of Mr. Iacona's retirement from The Bowery in 1982, it had an employee benefits plan for its retirees ("Bowery Plan"). Brady Dec. ¶ 5. Prior to his retirement, on September 16, 1981, Mr. Iacona had signed a statement of "Retirement Benefits of Emil N. Iacona from The Bowery Savings Bank," which set forth the specific benefits then available to Mr. Iacona as a retiree under the Bowery Plan, including that Bowery would reimburse Mr. Iacona for his Medicare premiums on a quarterly basis after he became eligible for Medicare and notified Bowery that he had registered for Medicare. Brady Dec. ¶ 6; Exhibit "2", Section III(B). Mr. Iacona's statement of "Retirement Benefits" also expressly provided that "[i]t is our hope that the benefits listed in which the Bank provides will continue indefinitely. The Bank, of course, reserves the right to modify or terminate the plans at its discretion." Brady Dec. ¶ 7; Exhibit "2" at page 2.

The next year, on December 23, 1982, Bowery advised Mr. Iacona in writing that the benefits provided by the Bowery Plan to its retirees would change effective January 1, 1983, and that he would be covered by the "restructured The Bowery Benefit Program". Brady Dec. ¶ 8; Exhibit "3". Of critical importance to this action, Bowery explicitly informed Mr. Iacona (along with all other retirees) "Bowery can no longer reimburse retirees or their beneficiaries the monthly payment of the Medicare Part B premium. Effective January 1, 1983, this program will be discontinued." Id.

After Ahmanson acquired Bowery in 1988, it migrated all Bowery retirees from the Bowery Plan to Ahmanson's benefits plans in 1992. After that migration, the Bowery Plan no longer existed. Brady Dec. ¶ 10.

After WMI acquired Ahmanson in 1998, it migrated the Ahmanson employees to WMI's benefits plans, and the Ahmanson benefits plans no longer existed. Thus, on October 5, 1999, WMI wrote to Mr. Iacona and advised him of "important changes to your retiree benefits coverage effective July 1, 1999." WMI explained to Mr. Iacona that he would "be able to choose from one of the Medicare Supplement plans available under the Washington Mutual Preferred Provider Options", that "[u]nder the Washington Mutual program, you are responsible for payment of your monthly medical premium", and that "[i]f you elect 'No Coverage', your current medical coverage will be discontinued [and y]ou will not be eligible to re-enroll under the Washington Mutual retiree medical program at a later date". Brady Dec. ¶ 11; Exhibit "4". Mr. Iacona did not enroll in the Washington Mutual, Inc. Retiree Medical Program. Brady Dec. ¶ 12.

In 2008, Mr. Iacona first requested that WMI reimburse him for the Medicare premiums that were deducted from his Social Security checks. WMI responded to Mr. Iacona that it had "reviewed your request for the reimbursement of the Medicare premiums that have been drawn from your Social Security payments from 1997-2007", the request was not "within the parameters of the Washington Mutual, Inc. Flexible Benefits Plan, and more specifically the Washington Mutual Retiree Medical Plan", and WMI needed to research the obligations that WMI acquired from Ahmanson and Bowery. WMI also noted the twenty-seven years that had passed "between the agreement (1981) and the date of your request (2008)". Brady Dec. ¶ 13; Exhibit "5". Two months later, after further review, WMI wrote again to Mr. Iacona and denied his claims for reimbursement, advising him that "[y]our claim for reimbursement must be denied because you seek a benefit under a Bowery employee benefit plan that was eliminated, consistent

with Bowery's reservation of rights to amend or terminate its benefit plans, effective January 1, 1983." Brady Dec. ¶ 14; Exhibit "6".

WMI also noted that Mr. Iacona did not enroll in the Washington Mutual Retiree Medical Program, he was responsible for payment of his monthly medical premium, and the current Washington Mutual, Inc. Flexible Benefits Plan did not provide reimbursement for Medicare premium payments. In conclusion, WMI stated that the reimbursement that Mr. Iacona sought was not available under any employee benefit plan that he was eligible to participate in and has not been available since Bowery terminated that benefit effective January 1, 1983. Brady Dec. ¶ 15; Exhibit "6". Finally, WMI advised Mr. Iacona that he had the right to bring a civil action under ERISA § 502(a) to have the denial of his claim for reimbursement reviewed by a court of law. Brady Dec. ¶ 16; Exhibit "6".

Beginning in 2009, after JPMC's acquisition of the assets and liabilities of WMB, Mr. Iacona first requested that JPMC reimburse him for the Medicare premiums deducted from his Social Security checks. Brady Dec. ¶ 18; Exhibit "7". At that time, JPMC wrote to Mr. Iacona and explained that it was not liable for any payment to Mr. Iacona and that it was not then the sponsor of the WMI benefits plans. Brady Dec. ¶ 18; Exhibit "8".

Soon afterwards, Mr. Iacona filed his first action against JPMC in Civil Court of the City of New York, County of Kings, Small Claims Part, asserting the same claim pursuant to the Bowery retiree plan that he is asserting in the present action. Brady Dec. ¶ 20; Exhibit "9". Due to the minimal nature of pleadings in Small Claims court, the outside counsel representing JPMC did not immediately recognize that Mr. Iacona's 2010 breach of contract action should have been brought as an ERISA claim. After counsel learned that Mr. Iacona's claim should have been treated as an ERISA claim, counsel unsuccessfully sought an extension to assemble the facts

necessary to defend the case under ERISA, and the Small Claims Court entered a judgment against JPMC in the amount of $4,546.77. Id.; Exhibit "10". JPMC filed a motion in that the 2010 action to vacate the judgment, but after the motion was denied, JPMC paid the judgment. Brady Dec. ¶ 20.

Since March 19, 2012, when JPMC became for the first time the sponsor of certain of the WMI welfare benefits plans, including the Flexible Benefits Plan, it has not received any demand from Mr. Iacona for reimbursement of his Medicare premiums, other than this action. Brady Dec. ¶ 21. JPMC has never had any involvement with the Bowery Plan, and it never served as the plan administrator or the trustee of the Bowery Plan. Id. ¶ 19.

**THIS ACTION**

On April 11, 2012, Mr. Iacona commenced this action in the Civil Court of the City of New York, Kings County, Small Claims Part. Affidavit of Frederic L. Lieberman, sworn to June 6, 2012 ("Lieberman Aff."), ¶ 3; Exhibit "1". The Court issued a Notice of Claim and Summons to Appear at that time. Id. The Notice of Claim stated that Mr. Iacona was asserting a claim for "to recover monies arising out of a breach of contract and breach of agreement" and that JPMC owes Mr. Iacona $4,967.60 plus costs for failing to provide health insurance benefits. Exhibit "1". Plaintiff served Defendant with a copy of the Notice of Claim and Summons to Appear on or about April 17, 2012. Lieberman Aff. ¶ 4. On May 11, 2012, Defendant timely removed this action from the Civil Court to this Court on the ground of federal question jurisdiction. Id. ¶ 5.

**ARGUMENT**

**I**

**THE COURT'S STANDARD OF REVIEW**

**A.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court's role is to determine whether the complaint is sufficient as a matter of law. See Festa v. Local 3 Int'l Bd. of Elec. Workers, 905 F.2d 35, 37 (2nd Cir. 1990); Cooper v. Parsky, 140 F.3d 433, 440 (2nd Cir. 2000) ("[t]he task of the court in ruling on a Rule 12(b)(6) motion 'is merely to assess the legal feasibility of the complaint'") (quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2nd Cir. 1984)).

The Supreme Court recently clarified the standards used to determine whether a complaint is sufficient. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The Court held that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Typically on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002). However, "[a]t the motion to dismiss stage, where a plaintiff's 'factual allegations or legal conclusions are flatly contradicted by documentary evidence, they are not presumed to be true, or even accorded favorable inference[,]' in the context of a breach of contract action." Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A., 244 F.R.D. 204, 213 (S.D.N.Y. 2007).

On a motion to dismiss, court can consider documents which are not attached to the complaint when they are "integral" to the complaint and upon which the complaint relies. "Courts apply this exception where, as here, a plaintiff sues primarily on the basis of a document,

- 7 -

such as a contract, and only attaches selected portions of that document, or fails to attach the document at all." Arnold Chevrolet LLC v. Tribune Co., 418 F. Supp.2d 172, 191 (E.D.N.Y. 2006); International Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2nd Cir. 1995); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2nd Cir. 1991) ('In addition, we have held that when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure.')", cert. denied, 503 U.S. 960 (1992); Berg v. Empire Blue Cross and Blue Shield, 105 F. Supp.2d 121, 126 (E.D.N.Y. 2000).

## B.   MOTION FOR SUMMARY JUDGMENT

Summary judgment is warranted when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). An issue of fact is material if it might "affect the outcome of the suit under governing law [while] an issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Shade v. Hous. Auth. of the City of New Haven, 251 F.3d 307, 314 (2nd Cir. 2001). In determining whether the moving party has satisfied its burden, the court views the record in "the light most favorable to the party opposing the motion" by resolving "all ambiguities and draw[ing] all factual inferences in favor of the party against whom summary judgment is sought." Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2nd Cir. 1994).

The party opposing summary judgment cannot reply on evidence that is "merely colorable", "conclusory" or "speculative". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-

50 (1986); Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2nd Cir. 1995); Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2nd Cir. 1986); Meiri v. Dacon, 759 F.2d 989, 998 (2nd Cir. 1985). Rather, that party must present "concrete evidence from which a reasonable juror could return a verdict in [his] favor". Anderson, 477 U.S. at 256. "[P]laintiff's facts 'must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions.'" Morris v. Alex Group USA, Inc., 04 Civ. 8239 (PAC), 2007 U.S. Dist. LEXIS 47674 *10 (S.D.N.Y. June 28, 2007) (quoting Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 n.14 (2nd Cir. 1981)).

Thus, the inquiry is "whether the evidence present is sufficient to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52; Woroski v. Nashua Corp., 31 F.3d 105, 109-10 (2nd Cir. 1994). Where it is apparent that no rational finder of fact could find in favor of the non-moving party because the evidence to support its case is so slight, summary judgment should be granted. Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223 (2nd Cir. 1994). "[A] scintilla of evidence in support of the [non-movant's] position will be insufficient [to withstand summary judgment]." Anderson, 477 U.S. at 248.

## C.  DEFENDANT'S EXHIBITS ARE PROPERLY BEFORE THE COURT, EITHER ON THE MOTION TO DISMISS, OR ON THE MOTION FOR SUMMARY JUDGMENT

Here, JPMC submits via the Brady Declaration Mr. Iacona's statement of Retirement Benefits, Exhibit "2", and the December 23, 1982 letter from Bowery to Mr. Iacona advising him that it was discontinuing the Medicare premium reimbursement provision as of January 1, 1983, Exhibit "3". These documents demonstrate that (1) the benefits provision relied upon by Mr. Iacona was validly terminated by Bowery and provides no basis for his claim; and (2) the

termination of that benefits provision occurred almost thirty years, Plaintiff was advised of that fact, and his claim in this action is barred by the statute of limitations.

JPMC also submits the October 5, 1999 letter from Washington Mutual, Inc. to Emil Iacona, Exhibit "4", the May 1, 2008 letter from Washington Mutual, Inc. to Emil Iacona, Exhibit "5", the July 14, 2008 letter from Washington Mutual, Inc. to Emil Iacona, Exhibit "6", the November 30, 2009 letter from Emil Iacona to JPMC, Exhibit "7", and the December 15, 2009 letter from JPMC to Emil Iacona, Exhibit "8". These documents demonstrate that Mr. Iacona has repeatedly asserted claims based upon the Bowery's retiree benefits Plan and has repeatedly been advised that the Bowery's Plan was terminated and that Bowery's sucessors did not provide the same benefit.

Finally, JPMC submits Mr. Iacona's 2010 Small Claims complaint, Exhibit "9", and the Court's Judgment in that action, Exhibit "10". These documents demonstrate that Mr. Iacona previously obtained a judgment with respect to the same claim that he is now raising.  Under New York law, that judgment does not have res judicata effect, except that the amount of the prior judgment would be an offset against any subsequent judgment.

These documents are "integral" to Plaintiff's Complaint and was necessarily relied upon by Plaintiff in asserting his claim in this action. They also are admissible on summary judgment.

**II**

### THE BOWERY ELIMINATED THE BENEFIT CLAIMED BY PLAINTIFF, EFFECTIVE JANUARY 1, 1983, AN EXERCISE OF ITS RIGHT TO CHANGE THE RETIREE BENEFITS PLAN'S PROVISIONS, AND THE BOWERY PLAN CEASED TO EXIST IN ITS ENTIRETY MANY YEARS AGO

Bowery amended the Bowery Plan effective as of January 1983, to discontinue the benefit that Mr. Iacona now seeks. Mr. Iacona has failed to state a claim because he has no legal or factual basis for challenging Bowery's authority to amend its plan and discontinue the benefit.

The Bowery Plan explicitly stated that it could be amended at any time. Under ERISA, a plan sponsor, such as Bowery, may amend its welfare benefit plans unilaterally at any time, and for any reason. Curtiss-Wright Corp. v. Schoonejongen, 514 U.S. 73, 78 (1995) ("Employers or other plan sponsors are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare plans."); Schonholz v. Long Island Jewish Medical Center, 87 F.3d 72, 77 (2nd Cir.) ("Under ERISA, it is the general rule that an employee welfare benefit plan is not vested and that an employer has the right to terminate or unilaterally to amend the plan at any time"), cert. denied, 519 U.S. 1008 (1996); Coriale v. Xerox Corp., 775 F. Supp.2d 583, 592 (W.D.N.Y. 2011); Berg, 105 F. Supp.2d at 127 ("'Retiree welfare benefits are generally not vested, and an employer can amend or terminate a plan providing such benefits at any time'") (citations omitted). There is no requirement under ERISA that an employer must offer consideration, under contract law, in order to amend its employee benefits plans.

In Arditi v. Lighthouse International, 676 F.3d 294 (2nd Cir. 2012), the court was presented with facts and legal issues very similar to this case. The district court dismissed the action for failure to state a claim because the plaintiff had not identified any basis for challenging Lighthouse's authority to amend and freeze benefits under its pension plan. Arditi v. Lighthouse International, 10 Civ. 8416 (DLC), 2011 Westlaw 166919 *4 (S.D.N.Y. Jan. 18, 2011). The Second Circuit then affirmed the district court's dismissal of the action for failure to state a claim. Arditi, 676 F.3d 294. The same outcome ought to apply to this case. Mr. Iacona he has not identified any reason why Bowery was not free to amend its ERISA plan.

Mr. Iacona has failed to state a claim for another reason. In addition to the fact that the specific benefit that Mr. Iacona seeks was eliminated in 1983, Mr. Iacona cannot allege that the Bowery Plan continued to exist after Ahmanson acquired Bowery in 1988, or after WMI

acquired Ahmanson in 1998. There is no requirement in ERISA that welfare benefit plans must exist under their original terms, in perpetuity. In corporate mergers and acquisitions, it is common that the acquiring company will terminate the acquired company's welfare benefit plans, such as retiree medical plans, just after the acquiring company integrates the acquired company's employees and retirees into the acquiring company's existing welfare benefit plans. Brady Dec. ¶ 22; see also Venable LLP, "Overview of Employee Benefits Consideration in Mergers And Acquisitions," available at   http://www.venable.com/files/Publication/f73af1c9-e553-4091-9fc9-fcfecb5bc592/Presentation/PublicationAttachment/6fb40bce-00e2-42f4-83d6-9580ddfd398a/1892.pdf (as visited June 4, 2012) (future action for acquired company's welfare benefit plans includes termination of plans and integration of acquired company's employees into acquiring company's plans). It is not the case that the acquired company's welfare benefit plans somehow automatically continue by operation of law or otherwise following the acquisition of the employer sponsoring the plan by another corporation. In fact, it is usually the case that the acquired company's welfare benefit plans cease to exist following a corporate transaction.

JPMC had no connection to the corporate acquisitions of Bowery by Ahmanson, or Ahmanson by WMI. JPMC is not the successor to any of those entities. As of March 19, 2012, JPMC became the sponsor of WMI's Flexible Benefits Plan as part of the settlement of various disputes between JPMC and WMI that were resolved by the Bankruptcy Court presiding over WMI bankruptcy proceedings, but JPMC never merged with or had any other corporate connection with Bowery, Ahmanson, or WMI. In addition, there is no record in any file that JPMC obtained in connection with its sponsorship of the WMI Flexible Benefits Plan indicating that the Bowery Plan continues to exist in any form.

Mr. Iacona made clear in his 2010 action against JPMorgan Chase over this same matter his position that Bowery made a representation to him under its welfare benefits plan for retirees, and that it is unfair that Bowery then changed the plan in 1983 to eliminate the benefit that he now seeks. It is understandable the Mr. Iacona is disappointed that Bowery changed its retiree welfare benefits plan after he retired, but JPMC had nothing to do with Bowery's decision to change its welfare benefits plan, JPMC is not the successor to Bowery, and it would be grossly unfair to hold JPMC responsible for a plan change made by Bowery in 1983. Moreover, and most importantly, Mr. Iacona has made no contention that the Bowery Plan continues in any form after Ahmanson acquired Bowery, or after WMI acquired Ahmanson. For this additional reason, Mr. Iacona has failed to state a claim.

### III

#### THIS ACTION IS BARRED BY THE STATUTE OF LIMITATIONS AS PLAINTIFF IS COMPLAINING ABOUT A CHANGE BOWERY MADE TO ITS RETIREE BENEFITS PLAN ALMOST 30 YEARS AGO

Bowery changed the terms of its retirees' welfare benefits plan as of January 1, 1983 and notified Mr. Iacona of that fact prior to making the change. Mr. Iacona filed this action almost thirty years later. To the extent Mr. Iacona is challenging this change, his action is untimely as the statute of limitations for filing this type of action is six years.

ERISA "does not prescribe a limitations period for 29 U.S.C. § 1132 actions...." Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan, 572 F.3d 76, 78 (2nd Cir. 2009). Because there is no explicit statute of limitation in ERISA for benefit claims under § 502(a)(1)(B), courts in those actions apply the most analogous state statute of limitation. Miles v. New York State Teamsters Conference Pension and Retirement Fund, 698 F.2d 593, 598 (2nd Cir.), cert. denied, 464 U.S. 829 (1983). In New York, courts apply the state six-year limitations period for contract actions prescribed by New York C.P.L.R. § 213. Id.

A plaintiff's cause of action accrues when he discovers or should have discovered the injury that is the basis of the litigation. Guilbert v. Gardner, 480 F.3d 140, 149 (2nd Cir. 2007). In the context of ERISA actions, this means that a benefit claim accrues upon "a clear repudiation by a plan that is known, or should be known, to the plaintiff regardless of whether the plaintiff has filed a formal application for benefits." Carey v. Int'l Broth. of Electrical Workers Local 363 Pension Plan, 201 F.3d 44, 47-48 (2nd Cir. 1999); Coriale, 775 F. Supp.2d at 590-91, citing Miles, 698 F.2d at 598.

Mr. Iacona knew in 1983 that the Bowery Plan no longer provided for the benefit he now seeks. He had six years from that time to bring his action. He did not do so, and this action is therefore barred by the statute of limitations.[1]

## IV

### JPMORGAN CHASE IS THE WRONG DEFENDANT IN THIS ACTION; THE CORRECT DEFENDANT FOR AN ERISA CLAIM IS THE PLAN ITSELF, NOT THE PLAN SPONSOR

The law is clear that in an action seeking benefits under an ERISA plan, the only proper defendants are the plan, the plan administrators, and the plan trustees.

> "'In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable.' Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 108 n. 2 (2nd Cir. 2008) (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 509–10 (2nd Cir. 2002)) (additional internal quote omitted). Accord Crocco v. Xerox Corp., 137 F.3d 105, 107 (2nd Cir. 1998). See also Moore v. Fox Chevrolet, Oldsmobile, Cadillac, Inc., No. 5:06–CV–42, 2007 WL 925721, at *2 (N.D.N.Y. Mar. 26, 2007) ('Employer liability under § 1132(a)(1)(B) is precluded when the employer has named another entity as the plan administrator in the plan document')."

---

[1]      Mr. Iacona's 2010 action against JPMC for the same issue also ought to have been barred by the statute of limitations. It appears that Mr. Iacona has split his action against JPMC so that the 2010 action and the 2012 action each would be below the $5,000 jurisdictional limit of the New York small claims court. Splitting an action in that manner is prohibited. "A Guide to Small Claims in the NYS City, Town and Village Courts," Revised August, 2005, available at http://www.nycourts.gov/courthelp/Booklets/SmallClaimsHandbook.pdf (as visited June 4, 2012) (a plaintiff with a claim for damages for more than $5,000 cannot split the claim into two or more claims to meet the $5,000 limit of small claims court). Pursuant to § 1808 of the New York City Civil Code, the 2010 judgment in small claims court has no res judicata effect, except that the amount of the 2010 judgment reduces the amount of a judgment that may subsequently be entered in Mr. Iacona's favor with respect to the same claim.

Coriale, 775 F. Supp.2d at 599; Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2nd Cir. 1989).

To the extent that a plaintiff brings an action for plan benefits against any other entity, his claims

must be dismissed. Smith v. Stockwell Construction Co., 10-CV-608S (WMS), 2011 Westlaw

6208697 *3, 52 EBC 2597 (W.D.N.Y. Dec. 14, 2011).

Neither the Bowery Plan nor its administrators or trustees are defendants in this action.
The only defendant in this action is JPMorgan Chase which has never had any responsibilities
with respect to the Bowery Plan. JPMorgan Chase is not a proper party.

## V

### PLAINTIFF'S CLAIM ACTUALLY IS ONE FOR WELFARE PLAN BENEFITS PURSUANT TO ERISA, WHICH PREEMPTS CLAIMS PURPORTEDLY BASED ON STATE LAW, INCLUDING CONTRACT LAW

In his Notice of Claim and Summons to Appear, Mr. Iacona asserts state law claims for

breach of contract and breach of agreement. His claims are barred by ERISA's complete

preemption provisions and should be dismissed.

ERISA is the comprehensive federal law governing employee benefits, "setting out

substantive regulatory requirements for employee benefit plans and to provide for appropriate

remedies." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). The Bowery Plan, which

provided medical benefits to retirees, clearly is an employee welfare benefit plan within the

meaning of § 3(1) of ERISA. 29 U.S.C. §1002(1) (the term "employee welfare benefit plan"

includes any plan that is maintained by an employer for the purpose of providing for its

participants medical, surgical or hospital care benefits). Section 502(a)(1)(B) of ERISA

specifically provides that a participant in an employee benefit plan can sue "to recover benefits

due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify

his rights to future benefits under the terms of the plan…." 29 U.S.C. § 1132 (a)(1)(B); Yoon v.

Fordham University Faculty and Administrative Retirement Plan, 99 Civ. 11042 (RCC), 2004
WL 3019500 *14 (S.D.N.Y. December 29, 2004), aff'd, 173 Fed Appx. 936 (2nd Cir. 2006);
Harrison v. Metropolitan Life Ins. Co., 417 F. Supp.2d 424, 434 (S.D.N.Y. 2006).

Having created this comprehensive statute, it is clear that "Congress intended for the civil
enforcement mechanisms created under § 502(a) to be the exclusive remedy for rights
guaranteed by ERISA." Cicio v. Vytra Healthcare, 208 F. Supp.2d 288, 296 (E.D.N.Y. 2001),
aff'd in part, vacated in part on other grounds, 321 F.3d 83 (2nd Cir. 2003), cert. granted,
judgment vacated, 542 U.S. 933 (2004). Thus, courts have held that "ERISA § 502(a) provides
the exclusive remedy for beneficiaries seeking to enforce the terms of an employee welfare
benefit plan as defined by ERISA." Id.

In order to ensure the exclusivity of ERISA's remedies, Congress intentionally included a
broad preemption provision in section 514(a) of ERISA. That provision states:

> "Except as provided in subsection (b) of this section, the provisions of this
> subchapter and subchapter III of this chapter shall supersede any and all State
> laws insofar as they may now or hereafter relate to any employee benefit plan
> described in section 1003(a) of this title and not exempt under section 1003(b) of
> this title."

29 U.S.C. § 1144(a); Cicio, 208 F. Supp.2d at 297-98. Accordingly, the Supreme Court held that
"any state-law cause of action that duplicates, supplements, or supplants the ERISA civil
enforcement remedy … is … preempted." Davila, 542 U.S. at 209. Other courts repeatedly have
held as a general matter that

> "[s]tate laws that provide an alternative cause of action to employees to collect
> benefits protected by ERISA are among those laws that are preempted….
> ERISA's civil enforcement remedies are intended to be exclusive remedies for
> enforcing rights in ERISA-governed plans…. Accordingly, ERISA preempts state
> law causes of action that aim 'to recover benefits due to [the plaintiff under the
> terms of the] plan, to enforce his rights under the terms of the plan, or to clarify
> his rights to future benefits under the terms of the plan.'"

Harrison, 417 F. Supp.2d at 431-32 (citations omitted); Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270, 288 (2nd Cir. 1992) ("[a] state common law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted").

More specifically, courts repeatedly have held that ERISA preempts common law state breach of contract and other claims that attempt to enforce the terms of a benefits plan. See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56-57 (1987); Arditi, 676 F.3d 294; Paneccasio, 532 F.3d at 114; Kelly v. Deutsche Bank Securities Corp., 09-CV-5378 (JS), 2010 WL 2292388 *1 (E.D.N.Y. June 3, 2010); Harrison, 417 F. Supp.2d at 432. Thus, "ERISA preempts Plaintiff's common law or statutory claims for breach of contract, bad faith breach of insurance contract, misrepresentation and negligent misrepresentation …." Cicio, 208 F. Supp.2d at 298.

ERISA preemption applies even when the complaint makes no mention of ERISA and despite the general applicability of the "well pleaded complaint rule". Under the Supreme Court's decision in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987), the corollary to the "well pleaded complaint rule" states that "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Thus, for example, in Venturino v. First Unum Life Ins. Co., 724 F. Supp.2d 429 (S.D.N.Y. 2010), the court held that "this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress."

The Supreme Court set forth the test for preemption in Davila.  ERISA preempts a cause of action where (1) an individual at some point in time could have brought his claim under ERISA § 502(a)(1)(b); and (2) no other independent legal duty is implicated. 542 U.S. at 210.

Here, the first prong of the Davila test is easily met because Mr. Iacona could have brought this claim under ERISA. There is no question that he was a participant in the Bowery

Plan, which is an "employee benefits plan" within the meaning of ERISA. There is also no question that he is seeking benefits that at one point were provided under the Bowery Plan. Those are the elements that are required to bring a claim for benefits under ERISA § 502(a)(1)(B).

The second prong of the <u>Davila</u> test is also met because no other independent legal duty is implicated apart from the Bowery Plan.

CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that this Court enter an Order and Judgment dismissing Plaintiff's claim and action in their entirety, and for such other and further relief as the Court deems necessary or appropriate.

Dated: June 6, 2012

Yours, etc.,

**JPMORGAN CHASE LEGAL AND
COMPLIANCE DEPARTMENT**

By: _____

    Frederic L. Lieberman
Attorneys for Defendant JPMorgan
    Chase Bank, N.A.
One Chase Manhattan Plaza, Floor 26
New York, New York 10081
(212) 552-1815
frederic.l.lieberman@jpmchase.com